13-2945-cr
*United States v. Baig*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand thirteen.

PRESENT:  JOHN M. WALKER, JR.,
          DEBRA ANN LIVINGSTON,
          DENNY CHIN,
                              Circuit Judges.

_____

UNITED STATES OF AMERICA,
                    *Appellee*,

    -v-                                                   No. 13-2945-cr

FARRUKH BAIG, BUSHRA BAIG, ZAHID BAIG,
SHANNAWAZ BAIG, RAMON NANAS, TARIQ RANA,
                    *Defendants*,

MALIK YOUSAF,
                    *Defendant-Appellant*.

_____

ROBERT J. DEL COL, Smithtown, NY, *for Defendant-Appellant*.

CHRISTOPHER A. OTT (Amy Busa, *on the brief)*, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order issued on July 22, 2013, is **AFFIRMED**.

Defendant-Appellant Malik Yousaf ("Yousaf") appeals from an order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), issued July 22, 2013, denying him bail pending trial. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm the order denying bail.

We review a district court's detention order deferentially and will not reverse unless its findings regarding a defendant's risk of flight are clearly erroneous. *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)) (internal quotation marks

omitted). "[W]e will disturb the district court's finding only if on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (internal quotation marks omitted).

Under 18 U.S.C. § 3142(e), the district court must order detention if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In making this determination, the court must hold a hearing, *id.* § 3142(f), and consider (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release," *id.* § 3142(g). In its analysis of the third factor, the court must consider, *inter alia*, "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." *Id.* § 3142(g)(3)(A). For a defendant to be detained, the Government must prove "by a preponderance of the evidence that the

defendant, if released, presents an actual risk of flight," and that "no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75.

On the record presented, we cannot conclude that the District Court clearly erred in finding that pretrial detention is appropriate. Yousaf was charged by indictment with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; concealing and harboring illegal aliens for financial gain in violation of 8 U.S.C. § 1324; and several counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. The indictment alleges a scheme whereby Yousaf and several co-defendants used over twenty-five stolen identities to employ over fifty undocumented aliens at convenience stores in order, *inter alia*, to steal wages from these employees and force them to live in housing provided by the defendants, profiting the defendants. The Government alleges that Yousaf earned over $1 million in connection with this scheme, which spanned more than a decade. *See Sabhnani*, 493 F.3d at 76 (noting that significant assets or other "means to finance flight" supports a district court's determination that a defendant may abscond).

The Government outlined a strong case at the bail hearing to prove the charged scheme. *See Sabhnani*, 493 F.3d at 76 & n.16 (noting that the "weight of the

4

evidence" is relevant to bail determinations under 18 U.S.C. § 3142(g)). The Government proffered that Yousaf made a statement to law enforcement after receiving *Miranda* warnings in which he admitted using stolen identities to employ illegal aliens. The Government has stated that it could call at least ten witnesses to testify to Yousaf's involvement in identity theft, including undocumented aliens employed at the convenience stores. Finally, the Government indicated before the district court that it had interviewed all of the victims of the identity thefts alleged in the indictment – including a Coast Guard cadet and an eight-year-old child – and none had consented to Yousaf's use of their identities.

The district court noted at the detention hearing that the charges "centered around false documentation." As we have said, "apparent access to false documents" supports a finding that a defendant poses a risk of flight. *United States v. El-Hage*, 213 F.3d 74, 80 (2d Cir. 2000). Additionally, Yousaf, although a permanent resident of the United States, is a citizen of Pakistan and maintains ties there. A "history of travel and residence in other countries" is another factor that we have approved in the determination whether a defendant is likely to abscond while on bail. *Id.* at 80; *see also United States v. Mercedes*, 254 F.3d 433, 438 (2d Cir. 2001) (reversing district court's grant of bail where defendant was a permanent

resident of the United States and had consented to electronic surveillance and home monitoring).

The district court analyzed the foregoing facts, among others, and determined that Yousaf posed a risk of flight and that there was no combination of conditions that would assure Yousaf's appearance at future proceedings. The district court was legitimately concerned that two of the properties Yousaf offered to secure bail were alleged by the Government to have been purchased with proceeds from the scheme and to be subject to forfeiture. *See* 18 U.S.C. § 3142(g)(4) (providing that a district court may properly inquire into the source for property used as collateral to secure a bond and reject any property if it will not reasonably assure the defendant's appearance). At oral argument before this Court, the Government indicated that these two properties have now been restrained and argued that the other properties are inadequate surety because they are not owned by Yousaf's close family members, and several are located out of state. *See United States v. Martinez*, 151 F.3d 68, 71 (2d Cir. 1998) (noting that sureties are assessed for "their ability to exercise moral suasion" over the defendant, "should he decide to flee").

Thus, we cannot find clear error in the district court's conclusion that no bail package could ensure Yousaf's appearance at trial. We have considered all of

6

Defendant-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk